**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARRYL MORTON, | : |
|                     Plaintiff, | :      Civil Action No. 16-7723 (ES) |
| v. | :      OPINION |
| DARRYL HOOPER, et al., | : |
|                     Defendants. | : |

**SALAS, DISTRICT JUDGE**

Plaintiff Darryl Morton ("Plaintiff"), a prisoner currently confined at Bayside State Prison in Leesburg, New Jersey, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should proceed in part.

**I. BACKGROUND**

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Darryl Hooper, Mr. Rjun, Counselor Lucas S. Summerville, and C.E.C. Corporation. The

following factual allegations are taken from the Complaint, and are accepted as true for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that while he was a resident at Tully House, a drug treatment facility for prisoners in Newark, New Jersey, he was assaulted by another inmate. (D.E. No. 1, Complaint ("Compl.") at 7). He alleges that Defendants Rjun and Summerville were present when the other inmate slammed Plaintiff's head into the toilet and punched him, but they failed to stop it. (*Id.* at 7-8). Plaintiff also alleges that he requested immediate medical assistance from these individuals, but they failed to provide it. (*Id.* at 7). Plaintiff alleges that Defendants C.E.C. Corporation[1] and Darryl Hooper failed to effectively train Defendants Rjun and Summerville as to the proper protocol for such an incident. (*Id.* at 8). Plaintiff is seeking monetary damages.

## II. DISCUSSION

### A. Legal Standard

#### i. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(a),(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e(c). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§

---

[1] Although Plaintiff names C.E.C. Corporation as a Defendant, he seeks no relief from it. (Compl. at 8).

2

1915(e)(2)(B) and 1915A, because Plaintiff is a prisoner proceeding *in forma pauperis* and seeks redress against governmental employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[2] To survive *sua sponte* screening for failure to state a claim,[3] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### ii. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

---

[2] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege (i) the violation of a right secured by the Constitution or laws of the United States; and (ii) that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### B. Analysis

#### i. Failure to Protect

"[T]he Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials 'a duty to protect prisoners from violence at the hands of other prisoners.'" *Bistrian v. Levi*, 696 F.3d 352, 366-67 (3d Cir. 2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). To prove a failure-to-protect claim, a plaintiff must show that: (i) the inmate was incarcerated under conditions posing a substantial risk of serious harm; (ii) the prison official acted with deliberate indifference to the inmate's health and safety; and (iii) the official's deliberate indifference caused the inmate harm. *Id.* at 367. "'[P]rison officials who act reasonably cannot be found liable' on a failure-to-protect claim." *Id.* at 368 (quoting *Farmer*, 511 U.S. at 845.).

Though he does not provide many facts, Plaintiff has alleged that (i) Defendants Rjun and Summerville were present during the assault; (ii) for no discernible reason, they failed to intervene to stop it; and (iii) as a result of that failure, Plaintiff suffered injuries at the hands of the other inmate. (*See* Compl. at 7-8). Based on those allegations, at this early juncture, the Court finds that Plaintiff has sufficiently stated a claim for failure to protect. *See Bistrian*, 696 F.3d at 372 (denying motion to dismiss when Plaintiff alleged that correctional officer failed to intervene quickly enough during inmate-on-inmate attack).

### ii. Denial of Medical Care

The Eighth Amendment's prohibition against cruel and unusual punishment requires that inmates be provided with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). To state a claim of inadequate medical care in violation of the Eighth Amendment, an inmate must set forth (i) a serious medical need; and (ii) a prison official's deliberate indifference to that serious medical need. *Estelle*, 429 U.S. at 106. A serious medical need includes a need for which "denial of treatment would result in the unnecessary and wanton infliction of pain" or a "life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 273 (3d Cir. 2003). The second element of the *Estelle* test is subjective and requires an inmate to show that a prison official acted with deliberate indifference to a serious medical need. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

A non-physician defendant is not deliberately indifferent to a prisoner's serious medical needs in violation of the Eighth Amendment if he "fail[s] to respond to an inmate's administrative complaint regarding medical treatment while the inmate is already receiving treatment by the prison doctor." *Durmer v. O'Caroll*, 991 F.2d 64, 69 (3d Cir. 1993). Non-medical personnel are entitled "to presume the competence of medical staff in treating a prisoner." *Davis v. Superintendent of Somerset SCI*, 597 F. App'x. 42, 45 (3d Cir. 2015).

Here, Plaintiff generally alleges that Defendants Rjun and Summerville failed to provide "immediate medical assistance upon [Plaintiff's] request" and that he "continued to complain about [his] injuries." (Compl. at 7-8). But Plaintiff does not provide any further information. It is unclear precisely what injuries Plaintiff sustained during the assault that required medical attention. Moreover, he states that he did not receive "immediate" medical attention, but does not elaborate on that description. It is unclear whether he ever received medical treatment and, if so,

when he received it. In short, Plaintiff has failed to allege sufficient facts to allow a denial of medical care claim to proceed at this time. *See Iqbal*, 556 U.S. at 678.

### iii. Failure to Train

The Court will also dismiss without prejudice Plaintiff's failure-to-train claim against Defendant Hooper. In *Barkes v. First Corr. Med., Inc.*, the Third Circuit reaffirmed its four-part standard for determining whether an official may be held liable under § 1983 for implementing deficient policies. 766 F.3d 307, 317 (3d Cir. 2014), *rev'd on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042, 2043 (2015) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)). The Third Circuit stated,

> [t]o hold a supervisor liable for such an Eighth Amendment violation, the plaintiff must identify a supervisory policy or procedure that the supervisor defendant failed to implement, and prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory procedure.

*Barkes*, 766 F.3d at 330.

As explained in *Barkes*, "[t]he essence of the type of claim [the court] approved in *Sample* is that a state official, by virtue of his or her *own* deliberate indifference to known deficiencies in a government policy or procedure, has allowed to develop an environment in which there is an unreasonable risk that a constitutional injury will occur, and that such an injury *does* occur." *Id*. at 319-20 (emphasis in original). Deliberate indifference in the supervisory context may be demonstrated by "(i) showing that the supervisor failed to adequately respond to a pattern of past occurrences of injuries like the plaintiff['s] or (ii) by showing that the risk of constitutionally cognizable harm was 'so great and so obvious that the risk and the failure of supervisory officials

to respond will alone' support finding that the two-part test is met." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 136-37 (3d Cir. 2001) (citing *Sample*, 885 F.2d at 1118).

Failure to train, discipline, and supervise are assessed under the same deliberate indifference standard as the failure to promulgate adequate policies. *See Christopher v. Nestlerode*, 240 F. App'x 481, 489 n.6 (3d Cir. 2007). To establish deliberate indifference for failure to train, a plaintiff must show that policymakers were on actual or constructive notice that flaws in their training or supervision caused subordinate officials to violate citizens' constitutional rights, and such notice generally requires contemporaneous knowledge of an incident or knowledge of a prior pattern of similar incidents and circumstances. *See Connick v. Thompson,* 563 U.S. 51, 61-62 (2011). "A single constitutional violation can still provide the basis for municipal liability for failure to train, . . . but only where 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights' that the policymaker's inaction amounts to deliberate indifference." *Christopher*, 240 F. App'x. at 489-90 (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 391 (1989)); *see also Womack v. Moleins*, No. 10-2932, 2015 WL 420161, at *5 (D.N.J. Jan. 30, 2015).

Here, Plaintiff has alleged in a conclusory fashion that Defendant Hooper failed to "effectively train both Mr. Rjun and Lucas Summerville as to how to respond to incidence [sic] of this nature as well as how to detect a residences behavior while under the influenc [sic] of drugs." (Compl. at 5). He fails to allege any facts that Defendant Hooper was on actual or constructive notice that flaws in his training or supervision caused subordinate officials to violate citizens' constitutional rights. As such, he has failed to allege any deliberate indifference on the part of Defendant Hooper. *See Christopher*, 240 F. App'x at 489 n.6. Without such allegations, the Court must dismiss this claim without prejudice.

## III. CONCLUSION

For the reasons stated above, the failure-to-protect claim against Defendants Rjun and Summerville will be permitted to proceed. All other claims are dismissed without prejudice for failure to state a claim upon which relief may be granted. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
